AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York  ☑

|  |  |  |
|---|---|---|
| Milicent  Johnson | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 15-CV-8195 (GHW) |
| CITY OF NEW YORK, et.al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Susan Calvello
30 Wall Street, 8th floor
New York, NY 10005

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
                                                              *Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X     15-CV-8195 (GHW)

MILLICENT JOHNSON,     AMENDED                                **AMENDED
                                                             COMPLAINT**

                                    Plaintiff(s),            **PLAINTIFF DEMANDS A
                                                             TRIAL BY JURY**

              - against -

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
NEW YORK CITY POLICE DEPARTMENT FUGITIVE WARRANT DIVISION,
POLICE OFFICERS "JOHN DOE" AND "JANE DOE" 1-10,
POLICE OFFICER ANTHONY PASQUARIELLO, AND
POLICE OFFICER MARISA VALLE-ZARAKAS

                                    Defendant(s).

----------------------------------------------------------------------------X

      Plaintiff, MILLICENT JOHNSON, (hereinafter referred to as "Plaintiff") by and through

her attorney, SUSAN CALVELLO, alleges the following allegations or other factual contentions

upon information and belief against defendants CITY OF NEW YORK, NEW YORK CITY

POLICE DEPARTMENT, POLICE OFFICERS "JOHN DOE" and "JANE DOE" 1 - 10, and

POLIOCE OFFICER PASQUARIELLO and POLICE OFFICER VALLE- ZARAKAS

follows;

                              **INTRODUCTION**

1

1. This action is brought pursuant to Title 42, USC 1983, for the purpose of having declared and judged unconstitutional the actions of the defendants in regard to plaintiffs', Millicent Johnson, unlawful arrest on July 22, 2014, prosecution, and continual and uninterrupted incarceration through August 28, 2014 without verifying plaintiff was the right person.

2. On October 9, 2014, the plaintiff was again unlawfully detained by Fort Bragg Military Police officials as a direct result of defendants' failure to take corrective measures to prevent misidentification of plaintiff as the wanted person of the outstanding bench warrant, from the year 2000, all against plaintiff's will and over her protestations.

3. In addition, this complaint alleges abuse of the extradition power by non-compliance with causes of action under 42USC 1983.   A waiver of extradition is only valid when the waiver itself is free and voluntary.   Defendant here knew or should have known, but with absolute indifference, that the waiver was   neither freely made or voluntary.


## JURISDICTION AND VENUE

4.      This is an action at law to redress the deprivation under color of statutes, ordinances, regulations, customs or usages of a right, privileges and immunities secured to plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, and arising under law and

statutes of the State of New York.

5.   The claims upon which this suit is based occurred in or arose out of this judicial

district.   The court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28

U.S.C. § 1332, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

6.   Venue is properly brought in the Southern District of New York pursuant to 28

U.S.C. § 1391.

7.   Pendant and supplemental jurisdiction is invoked for this Court to decide claims

that may arise under State law.   Plaintiff timely filed a Notice of Claim with the City of New

York, State of New York, and County of New York, pursuant to the General Municipal Law of

the State of New York. More than thirty (30) days had elapsed since the filing of said Notice of

Claim which has not been compromised or settled by defendants.

## PARTIES

8.   Plaintiff, MILLICENT JOHNSON, is and was, at all times herein relevant, a

citizen of the United States and a resident of the City of Fayetteville, County of Cumberland, and

State of North Carolina.

9. Defendant, CITY OF NEW YORK ("NYC"), was at all times relevant hereto, a

municipal corporation duly organized and existing under the laws of the State of New York.

10. Defendant,   NEW YORK CITY POLICE DEPARTMENT ("NYPD"), was at all

times relevant hereto, a local government agency of defendant NYC.

11.   Defendants, POLICE OFFICERS "JOHN DOE" and "JANE DOE" 1-10,

("POLICE OFFICERS 1 - 10"), were at all times pertinent to the allegations of this Complaint

working   as police officers, including assignment to the NYPD Fugitive Warrant Squad.   The

3

names and identities of defendants POLICE OFFICERS 1 - 10 remain unknown at this time. Each is sued individually and in his/her official capacity

11. .Defendant, Police Officer Anthony Pasquariello ,("Pasquariello") and Police Officer Valle-Zarakas ("Valle-Zarakas") , as police officers , including assignment   to the NYPD Fugitive Warrant Squad.   Each is sued individually and in their official capacity.

12.      At all times relevant to the allegations of this Complaint and in all actions of the defendants alleged, defendants were acting under color of law color and pretense of the statutes, ordinances, regulations, customs, and usages of the City and State of New York and pursuant to their authority as police officers of the City of New York.

13.      Defendant POLICE OFFICERS 1 - 10 , PASQUARIELLO,   and, VALLE-ZARAKAS ,were   acting pursuant to specific orders and directives from the Municipality during the scope of employment, and the Municipality provided each with an official badge and identification card which designated and described its bearer as a police officer of the NYPD.

14.      At all material times, defendant POLICE OFFICERS 1 – 10 ,PASQUARIELLO and VALLE-ZARAKAS were servants, agents and/or employees of defendants, NYC and NYPD, all persons for purposes of 42 U.S.C. §1983, and that each defendants' acts are imputed to the Municipality.

15.      At all material times, defendants, separately and/or in concert with other police officers, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulation, customs and usage of the Municipality.   Said defendants, separately and/or in concert, engaged in the illegal conduct mentioned herein, recklessly and with callous disregard for plaintiff's State and Constitutional rights, causing injury to plaintiff and depriving plaintiff of

4

the rights, privileges and immunities secured to her by the laws of the United States.

16.     Plaintiff was not at the time of the events alleged in this complaint, or at any other time, committing any offense against the laws and ordinances of the City and County of New York or against the law and statutes of the State of New York, and defendants did not have any reasonable grounds for believing that plaintiff was committing or had committed any offense.

## STATEMENT OF FACTS

17..     On or about July 22, 2014, plaintiff MILLICENT JOHNSON was at the Fort Bragg Army Base, located in Fayetteville, North Carolina, completing a background check that was required before she could start a job at the Army Base as a civilian food service worker.

18.     Upon information and belief, the background check included taking plaintiff's fingerprints and running her fingerprints, pedigree and other information through a national law enforcement database.

19.     On July 22, 2014, plaintiff was unlawfully arrested by Fort Bragg Military Police officials when the background check showed there was an outstanding bench warrant issued in the year 2000 from New York State Supreme Court, New York County, although plaintiff was not the actual wanted person who was the subject of the bench warrant.

20.     Fort Bragg Military Police officials, as agents of defendants, detained plaintiff and placed her in a holding cell, all against plaintiff's will and over her protestations that she was being mistakenly arrested.

21.     Upon information and belief, Military Police officials contacted defendants, and defendants, without ever investigating, verifying or confirming that plaintiff was the actual

wanted person, informed Military Police officials that plaintiff was the subject of the bench

warrant when in fact plaintiff was not the actual subject of the bench warrant.

22.     Upon information and belief, defendants importuned, commanded, requested,

and/or instructed that plaintiff be transferred to the civilian custody of the Cumberland County

Sheriff's Department, located in the City of Fayetteville, County of Cumberland, State of North

Carolina, in order for defendants to extradite plaintiff to the New York State Supreme Court, in

the County and City of New York.   At no time did defendants investigate, verify and/or confirm

that plaintiff was the actual person wanted under the outstanding bench warrant.

23.     As a direct result of defendants' acts and omissions. Fort Bragg Military police

officials transferred plaintiff to the civilian custody of the Cumberland County Sheriff,

Fayetteville, North Carolina, all against plaintiff's will and over her protestations she was being

mistakenly arrested.

24.     Upon information and belief, Cumberland County Sheriff's Department officials

contacted defendants, and defendants, without investigating, verifying or confirming that

plaintiff was the actual wanted person, informed Cumberland County Sheriff Department

officials that plaintiff was the wanted subject of the outstanding bench warrant, when in fact

plaintiff was not the actual subject of the outstanding bench warrant.

25.     Defendants importuned, commanded, requested, and/or instructed that plaintiff be

detained   and imprisoned at the Cumberland County Sheriff's jail in order for defendants to

extradite plaintiff to the New York State Supreme Court, in the County and City of New York.

26.     As a direct result of defendants' acts and omissions, plaintiff was taken into

custody on or about July 22, 2014, by Cumberland County Sheriff Department officials, and

6

detained in a holding cell or jail facility operated by the Cumberland County Sheriff's Department, all against plaintiff's will and over her protestations that she was mistakenly arrested and imprisoned.

27.     Upon information and belief, on July 25, 2014 a waiver of extradition was produced.   Plaintiff states that the signing of the waiver was not made voluntarily and freely.

28.     Upon information and belief, plaintiff protested her innocence and then protested the fact that she was not the person wanted by this fugitive warrant and did not freely and voluntarily sign a waiver of extradition.

29.     Upon information and belief, plaintiff conveyed to the defendants immediately upon pick up in North Carolina that she did not feely and voluntarily sign the waiver of extradition or any waiver of extradition to New York.

30.     Upon information and belief, defendants were indifferent to plaintiffs' protestations and were negligent and reckless in their duty under 42USC 1983 to verify plaintiff was the right person so named in the warrant.

31.     At the request and direction of defendants, plaintiff was held at the hold cell/jail facility of the Cumberland County Sheriff's Department from on or about July 22, 2014 to August 7, 2014.   During this time, defendants failed to investigate, verify and/or confirm that plaintiff was the actual person who was the subject of the bench warrant, and instead of correcting the grave error that plaintiff was not the actual wanted person, defendants sought extradition of plaintiff from Fayetteville, North Carolina to New York County, New York City.

32.     On or about August 7, 2014, defendants', including defendant POLICE OFFICERS 1 – 10   ,PASQUARIELLO, and VALLE-ZARAKAS,

7

travelled to the Cumberland County Sheriff's Department to take custody of plaintiff and to extradite plaintiff to the New York State Supreme Court.   At no time did defendants verify, investigate and/or confirm that plaintiff was the actual wanted person who was the subject of the bench warrant.

33.     On August 7, 2014, defendants, including defendant POLICE OFFICERS 1 -10, took custody of plaintiff, placed her in handcuffs, forcibly placed her on an airplane, forcibly transported her to a New York City airport, forcibly removed her from the airplane, placed her in a holding cell and detained her in a facility operated by defendants, all against plaintiff's will and over her protestations that she was mistakenly arrested, imprisoned and extradited.

34.     On August 7, 2014, defendants, including defendant POLICE OFFICERS 1 -10, PASQUARIELLO and VALLE-ZARAKAS, brought plaintiff before a Judge of the New York State Supreme Court, in the County and City of New York.   At no time did defendants verify, investigate and/or confirm that plaintiff was the actual wanted person who was the subject of the bench warrant, and based on defendants' baseless representations to the Court that plaintiff was the subject person of the bench warrant, plaintiff was arraigned on Indictment Number 8698/2000, and remanded to the custody of the New York City Department of Corrections, all against plaintiff's will and over her protestations.

35.     At plaintiff's insistence and demand, plaintiff was fingerprinted by defendants in order that defendants compare her fingerprints to those of the actual wanted subject.

36.     Upon information and belief, defendants learned that plaintiff was not the actual person who was the subject of the bench warrant, but failed to take corrective measures and effect plaintiff's immediate release from incarceration, and caused plaintiff to continue to be

unlawfully imprisoned.

37.    On or about August 28, 2014, after being incarcerated for approximately 21 days, plaintiff was released from the custody of the New York City Department of Corrections. Plaintiff was released from the Riker's Island Prison facility in New York City without having any money and without defendants' providing her with any travel expenses to return to her home in Fayetteville, North Carolina.

38.    Although defendants had actual notice that plaintiff was not the person who was the wanted subject of the bench warrant, defendants failed to take corrective steps to prevent future misidentifications of plaintiff as the person wanted on the bench warrant.

39.    On or about October 9, 2014, 43 days after Plaintiff was released from unlawful imprisonment in New York City, plaintiff returned to Fort Bragg Army Base to secure her job as a civilian food service employee.

40.    On or about October 9, 2014, plaintiff was again unlawfully detained by Fort Bragg Military Police officials as a direct result of defendants' failure to take corrective measures to prevent misidentification of plaintiff as the wanted person of the outstanding year 2000 bench warrant, all against plaintiff's will and over her protestations.

41.    Upon information and belief, defendant was indifferent and negligent and also intentional in their disregard of taking measures to prevent misidentification of plaintiff as the person wanted in the warrant for the year 2000.

42.    As a direct result of defendants' acts and omissions ,as set forth herein, defendants here knew or should have known , including by absolute indifference, that the waiver was neither   freely made or voluntarily.

9

43..    Fort Bragg Military police officials transferred plaintiff to the civilian custody of the Cumberland County Sheriff's Department, all against plaintiff's will and over her protestations.

44..    On or about October 9, 2014, plaintiff was unlawfully detained by Cumberland County Sheriff's Department officials as a direct result of defendants' failure to take corrective measures to prevent misidentification of plaintiff as the wanted person of the outstanding year 2000 bench warrant.

45.    On or about October 10, 2014, after being unlawfully imprisoned for the second time at the Cumberland County Sheriff's Department jail facility, plaintiff was released from custody.

46.    Plaintiff MILLICENT JOHNSON was publicly humiliated, including the fact that she was twice arrested in front of her prospective employer at Fort Bragg when she was never arrested in her life, had a clean background check, had no outstanding bench warrants, and had been careful to be a law abiding citizen.

47.    Plaintiff MILLICENT JOHNSON has continued to suffer from trauma, humiliation, and fear from this incident.   She has frequent nightmares about it, and wakes up in the middle of the night due to panic attacks as a result of the incident.   She no longer trusts the police, which, prior to the incident, she always had, making her now feel vulnerable.

48.    Plaintiff has been traumatized to the extent that she has been afraid to return to Fort Bragg for her job, which was an offer of actual employment, because she fears arrest, detention, and imprisonment.

## COUNT ONE
## (VIOLATION OF CIVIL RIGHTS)

10

49.    Plaintiff alleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 49 of this Complaint with the same force and effect as if set forth more fully at length herein.

50..   In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein, all of which are constitutionally protected rights secured to plaintiff, including, but not limited, the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and Title 42 U.S.C. §§ 1983 and 1988:

(a)   The right not to be deprived of liberty without due process of law;

(b)   The right to be free from invasion or interference with Plaintiff's zone of privacy;

(c)   The right to equal protection of the law;

(d)   The right to be free from unreasonable seizure;

(e)   The right to be free from police use of unreasonable and excessive force, where defendants, among other acts, forcibly putting restraints on plaintiff, placing her on an airplane, and extraditing her from North Carolina to New York;

(f)   The right to be free from False Arrest, False Detention, and False Imprisonment, without due process all in violation of her Fourth, Fifth, Sixth, and Fourteenth Amendment Rights.

51.    In violating Plaintiff's rights as delineated above, and other rights according to proof, Defendants' acts and omissions caused the reckless, unreasonable, unprovoked, and excessive use of force, unjustified arrest and detention, false imprisonment, or by ratifying personally the above listed acts and omissions without Plaintiff having committed any crime or violation, Defendants acted or omitted to act to violate Plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

52.    Defendants knew or reasonably should have known that Plaintiff was not the

11

actual wanted person who was the subject of the outstanding New York State bench warrant.

53. Defendants failed to verify, investigate and/or confirm plaintiff was not the actual wanted person before causing plaintiff to be falsely and forcibly arrested, imprisoned, extradited, and accused of crimes, and treating Plaintiff in a degrading, humiliating, and frightening manner.

54. Defendants failed to maintain and/or update accurate official law enforcement records, data, and information, and/or failed to check existing information for accuracy.

55. Defendants unreasonably and recklessly failed to take corrective action to update or correct law enforcement databases, and failed to notify law enforcement agencies, including Fort Bragg Military Police officials and Cumberland County Sheriff Department law enforcement officials, that plaintiff was not the actual wanted person who was the subject of the bench warrant when defendants had actual notice that plaintiff was not the actual wanted person.

56.. As a direct and proximate result of defendants' acts as described herein, plaintiff was unlawfully detained and imprisoned by Fort Bragg Military Police officials and Cumberland County Sheriff Department police officials from on or about July 22, 2014, up to and including on or about August 7, 2014.

57. As a direct and proximate result of defendants' acts as described herein, plaintiff, on or about August 7, 2014, was unlawfully and forcibly placed on an airplane, extradited from Fayetteville, North Carolina to New York City against her will and over her protestations, forcibly placed in a holding cell in New York City, and then forcibly taken before a Judge of the New York State Supreme Court, New York County, where based on defendants' baseless representations to the Court, plaintiff was remanded to the custody of the New York City Department of Corrections, and placed in a correctional facility operated by defendant, City of

12

New York.

58.     As a direct and proximate result of defendants' acts as described herein, plaintiff

was unlawfully detained and imprisoned from August 7, 2014, up to and including on or about

August 28, 2014, in a correctional facility operated by defendant, CITY OF NEW YORK, .

59.     As a direct and proximate result of defendants' acts as described herein, plaintiff

was again unlawfully detained by Fort Bragg Military Police officials on or about October 9,

2014, and then detained and imprisoned by Cumberland County Sheriff Department police

officials from on or about October 9, 2014, to on or about October 10, 2014.

60.     Defendants were present or in the company of plaintiff, witnessed and/or

participated in the above described events and conduct, but took no action to aid plaintiff by

halting the illegal acts.   The acts and omissions alleged above were committed either on the

instruction of defendants, or with the knowledge and consent of these defendants, or were

thereafter approved and ratified by these defendants.

61.     As a direct and proximate result of defendants acts and omissions as set forth

herein, plaintiff suffered physical, psychological and emotional distress, injuries and damages,

humiliation, was permanently deprived of property, loss of liberty and freedom, loss of

employment, loss of earnings, impairment of her earning capacity, and incurred expenses to

secure her release and travel home, in connection with the deprivation of plaintiff's constitutional

rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United

States and protected by 42 U.S.C. § 1983, 1985 and 18 U.S.C. § 245.

62.     The acts and omissions of defendants as set forth herein were unconscionable,

intentional, wanton, malicious, and oppressive, and were of such a nature that punitive damages

should be imposed in an amount commensurate with the wrongful acts alleged herein.   As a matter of policy and law, the court has the authority to consider and make an award to plaintiff for punitive damages.

<u>COUNT TWO</u><br>(FALSE ARREST AND DETENTION – STATE CLAIM)

63.     Plaintiff alleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 62 of this Complaint with the same force and effect as if set forth more fully at length herein.

64.     Defendants failed to investigate, confirm and/or verify that plaintiff was not the actual wanted person who was the subject of the bench warrant, and failed to prevent plaintiff's unlawful arrests, imprisonments, and extradition.

65.     Defendants, by failing to maintain and/or update accurate official law enforcement records, data, and information, and failing to correct, update or otherwise notify other law enforcement agencies, including the Fort Bragg Military Police officials and Cumberland County Sheriff Department officials, caused plaintiff to be misidentified as the actual subject of the outstanding bench warrant, and failed to prevent plaintiff's unlawful arrests, imprisonments, and extradition, and from being falsely accused of crimes.

66.     Defendants' detention, seizure and arrest of Plaintiff was without probable cause or a warrant and violated Plaintiff's rights under the New York State Constitution.

67.     As a direct and proximate result of the acts and omissions complained of herein, Plaintiff has suffered general and special damages including, but not limited to, physical, psychological and emotional distress loss of employment, loss of earnings, impairment of her earning power, injury to her reputation and character, and incurring expenses to return to her

14

home.

68.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts herein alleged.

## COUNT THREE

(Violation of Civil Rights - Title 42 U.S.C. Section 1983-Failure to Train)

69.     Plaintiff alleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 68 of this Complaint with the same force and effect as if set forth more fully at length herein.

70.     Defendants, recklessly and with callous disregard for the rights of individuals such as plaintiff, failed to train, supervise, and discipline Police Officers including the individually named defendants, POLICERS OFFICERS JOHN, JANE DOE 1-10, PASQUARIELLO, and VALLE-ZARAKAS   allowed the defendants to disregard the rights of individuals and implemented a policy with regard to individuals such as plaintiff, to deprive those individuals of their rights including, but not limited to, failing to verify, confirm and/or investigate that plaintiff was not the actual wanted subject of the outstanding bench warrant, failing to enter, update, and/or maintain the information in law enforcement databases to prevent the misidentification of individuals such as plaintiff, and/or failing to correct, update or otherwise notify other law enforcement agencies, including the Fort Bragg Military Police officials and Cumberland County Sheriff Department officials, that plaintiff was not the actual wanted subject of the bench warrant, and caused and/or failed to prevent plaintiff's unlawful arrests, prolonged detentions and imprisonments, forced extradition of plaintiff, and being falsely

15

accused of crimes.

71.     In committing the acts and omissions complained of herein and in their official and individual capacity, Defendants' acted with a design and intention to deprive Plaintiff of her rights secured by the Constitution of the United States, and its associated laws and statutes, including 42 U.S.C. § 1985 (3), 42 U.S.C. § 1983, and acted with deliberate indifference to Plaintiff's rights.

72.     As a direct and proximate result of the acts and omissions complained of herein, Plaintiff has suffered general and special damages including, but not limited to, physical, psychological and emotional distress, loss of employment, loss of earnings, impairment of her earning power, injury to her reputation and character, and incurring expenses to return to her home.

73.     The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.   As a matter of policy and law, the court has the authority to consider and make an award to plaintiff for punitive damages.

### COUNT FOUR

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

74.     Plaintiff alleges and incorporate herein by reference the allegations set forth in Paragraphs 1 through 73 of this Complaint with the same force and effect as if set forth more fully at length herein.

75.     Defendants' acts and omissions as described herein, were done intentionally, wantonly, willfully, maliciously, wrongfully, and with such extreme and outrageous character as

16

to cause emotional distress and trauma to Plaintiffs, and Plaintiffs did suffer such emotional distress with accompanying physical symptoms.

76.     As a direct and proximate result of the violation of their Federal and State Constitutional and Statutory rights by Defendants, and the commission of other tortious conduct against Plaintiff by defendants complained of herein, Plaintiff has suffered general and special damages including, but not limited to, physical, psychological and emotional distress loss of employment, loss of earnings, impairment of her earning power, injury to her reputation and character, and incurring expenses to return to her home.

78.     The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts herein alleged.

## COUNT FIVE

79.     Plaintiff alleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 78 of this Complaint with the same force and effect as if set forth more fully at length herein.

80.     As a direct of defendants' deprivation of plaintiff's constitutional rights as described above, on or about July 22, 2014, plaintiff was detained in North Carolina and imprisoned there until on or about August 7, 2014, extradited to New York State and brought before a Judge of the New York State Supreme Court, New York County on or about August 7, 2014, and as a result of defendants' baseless representations to the Court that plaintiff was the actual wanted person who was the subject of the outstanding bench warrant, plaintiff was maliciously and falsely accused by Indictment Number 8698/2000 that plaintiff engaged in

17

identity theft and other crimes, and prosecuted plaintiff on that indictment for those crimes.

81.     As a result of defendants' acts and omissions as alleged herein, from on or about August 7, 2014, up to and including on or about August 28, 2014, the date plaintiff was released from the custody of the New York City Department of Corrections, plaintiff was maliciously prosecuted, including but not limited to appearing in a court of law, being subject to the restrictions, terms and conditions of the court, and being imprisoned, when defendants knew or should have known that plaintiff was never involved in such criminal acts, was not the actual person who was the subject of the indictment, and was not the actual wanted subject of the outstanding bench warrant.

82.     As a direct and proximate result of the acts and omissions complained of herein, Plaintiff has suffered general and special damages including, but not limited to, physical, psychological and emotional distress, loss of employment, loss of earnings, impairment of her earning power, injury to her reputation and character, and incurring expenses to return to her home.

83.     The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.   As a matter of policy and law, the court has the authority to consider and make an award to plaintiff for punitive damages.

## COUNT SIX

84.     Plaintiff repeats and alleges paragraphs 1 through 83 with the same force and effect as if they were fully set forth herein.

85.     Defendants, acting in concert and within the scope of their authority, willfully,

18

unlawfully, maliciously, and improperly used the court's process primarily for an ulterior or improper purpose, namely, to detain, extradite, and incarcerate plaintiff for being a wanted person who was the subject of an outstanding bench warrant when that claim was baseless, to charge plaintiff for crimes of which she was innocent, and to cause plaintiff to be prosecuted for a collateral objective outside the legitimate ends of the legal process, namely, to cover up their abuse of authority in arresting, extraditing, and incarcerating plaintiff in violation of plaintiff's right to be free from unreasonable seizure of person and property, under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

86.     As a direct and proximate result of defendants' reckless and callous disregard of plaintiff's Federal and State constitutional rights, and acts and omissions, as set forth herein, plaintiff suffered physical, psychological and emotional distress, injuries and damages including loss of employment, impairment of her earning power, loss of earnings, injury to her reputation and character, and incurring expenses to return to her home.

87.     The acts and omissions of defendants as set forth herein were unconscionable, intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.   As a matter of policy and law, the court has the authority to consider and make an award to plaintiff for punitive damages.

## COUNT SEVEN

88.     Plaintiff, MILLICENT JOHNSON repeats, reiterates and alleges each and every allegation contained in paragraphs numbered 1 through and including 87 hereinabove with the same force and effect as if set forth more fully at length herein.

89.     Defendants herein breached a duty owed to plaintiff by committing and by

19

allowing to be committed the acts and conduct complained of herein.

90.     As a direct and proximate result of defendants' reckless and callous disregard of plaintiff's Federal and State constitutional rights, and acts and omissions, as set forth herein, plaintiff suffered physical, psychological and emotional distress, injuries and damages including loss of employment, impairment of her earning power, loss of earnings, injury to her reputation and character, and incurring expenses to return to her home.

91.     The acts and omissions of defendants as set forth herein were unconscionable, intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.   As a matter of policy and law, the court has the authority to consider and make an award to plaintiff for punitive damages.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, as follows:

1.     General damages including pain and suffering together with special damages for Plaintiffs' reasonable and necessary legal expenses, and loss of earnings and employment, the exact amount of which will be established at the time of trial;

2.     Punitive damages in an amount to be proven at trial pursuant to Federal and State law;

3.     Actual attorney's fees and litigation costs pursuant to 42 U.S.C. § 1988

4.     Statutory attorney's fees and costs;

5.     Court supervised training and regulations requiring that the involved agencies and officers properly train their officers on procedures for investigating, verifying, and/or confirming that an apprehended individual is the actual wanted subject of an outstanding bench warrant

20

before proceeding with detention, arrest, imprisonment and/or extradition of such person, and for entering, updating, and/or maintaining the accuracy of information in law enforcement databases so as to, among things, prevent the misidentification of individuals such as plaintiff, and institute proper investigative, and disciplinary procedures; and

      6.     For such other and further relief as the Court deems just and proper.

Dated:  September 19, 2016
         New York, New York

Respectfully submitted,

Susan Calvello
Attorney for Plaintiff
30 Wall Street, 8th Floor
New York, NY 10005
(212) 393-9441
scavllo@mindspring.com
Bar Code No.SC8571