UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

MILLICENT JOHNSON,

                                       Plaintiff(s),

- against -

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT, and
NYPD DISTRICT ATTORNEYS'SQUAD ,and
MIKE LUONGO ,NEW YORK COUNTY DISTRICT ATTORNEYS OFFICE
                            Defendant(s).

-------------------------------------------------------------------------X

**CIVIL ACTION No.**
15-CV-8195(GHW)

SECOND AMENDED **COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

      Plaintiff, MILLICENT JOHNSON, (hereinafter referred to as "Plaintiff") by and through her attorney, SUSAN CALVELLO, alleges the following allegations or other factual contentions upon information and belief against defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, and NYPD DISTRICT ATTORNEYS' SQUAD  and MIKE LUONGO as  follows;

## JURISDICTION AND VENUE

      1.     This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, and arising under law and statutes of the State of New York.

1

2. The claims upon which this suit is based occurred in or arose out of this judicial district. The court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

3. Venue is properly brought in the Southern District of New York pursuant to 28 U.S.C. § 1391.

4. Pendant and supplemental jurisdiction is invoked for this Court to decide claims that may arise under State law. Plaintiff timely filed a Notice of Claim with the City of New York, State of New York, and County of New York, pursuant to the General Municipal Law of the State of New York. More than thirty (30) days had elapsed since the filing of said Notice of Claim which has not been compromised or settled by defendants.

## PARTIES

5. Plaintiff, MILLICENT JOHNSON, is and was, at all times herein relevant, a citizen of the United States and a resident of the City of Fayetteville, County of Cumberland, and State of North Carolina.

6. Defendant, CITY OF NEW YORK ("NYC"), was at all times relevant hereto, a municipal corporation duly organized and existing under the laws of the State of New York.

7. Defendant, NEW YORK CITY POLICE DEPARTMENT ("NYPD"), was at all times relevant hereto, a local government agency of defendant, CITY OF NEW YORK.

8. Defendants, NYPD DISTRICT ATTORNEYS'SQUAD were at all times pertinent to the allegations of this Complaint working as police officers in the Manhattan District Attorneys Squad. Each is sued individually and in his/her official capacity.

9. Defendant, MIKE LUONGO, at all times relevant to this complaint is an

2

employee of the New York City District Attorneys office.

10. At all material times, defendants, separately and/or in concert with other police officers, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulation, customs and usage of the Municipality. Said defendants, separately and/or in concert, engaged in the illegal conduct mentioned herein, recklessly and with callous disregard for plaintiff's State and Constitutional rights, causing injury to plaintiff and depriving plaintiff of the rights, privileges and immunities secured to her by the laws of the United States.

11.. Plaintiff was not at the time of the events alleged in this complaint, or at any other time, committing any offense against the laws and ordinances of the City and County of New York or against the law and statutes of the State of New York, and defendants did not have any reasonable grounds for believing that plaintiff was committing or had committed any offense.

## FACTS

12. On or about July 22, 2014 , plaintiff MILLICENT JOHNSON was at the Fort Bragg Army Base, located in Fayetteville, North Carolina, completing a background check, including having her fingerprints taken for a criminal background check, that was required before she could start a job at the Army Base as a civilian food service worker.

13. Upon information and belief, plaintiff's background check included running her fingerprints, pedigree and other information through a national law enforcement database.

14. On July 22 2014, plaintiff was unlawfully arrested by Fort Bragg Military Police officials when the background check showed there was an outstanding bench warrant issued in the year 2000 from New York State Supreme Court, New York County, although plaintiff was not the actual wanted person who was the subject of the bench warrant.

15. Plaintiff was taken into custody by Military Police officials, working as agents of defendants, and was transported to a holding cell and detained in a holding cell operated by the Fort Bragg Military Police, all against plaintiff's will and over her protestations that she was being mistakenly arrested.

16. Upon information and belief, Military Police officials contacted defendants, and defendants, without ever investigating, verifying or confirming that plaintiff was the actual wanted person, informed Military Police officials that plaintiff was the subject of the bench warrant when in fact plaintiff was not the actual subject of the bench warrant.

17.. Upon information and belief, defendants importuned, commanded, requested, or instructed that plaintiff be transferred to the civilian custody of the Cumberland County Sheriff's Department, City of Fayetteville, County of Cumberland, State of North Carolina, in order for defendants to extradite plaintiff to the New York State Supreme Court, in the County and City of New York, without investigating, verifying or confirming that plaintiff was the actual person wanted under the outstanding bench warrant.

18. As a direct result of defendants' negligence and failure to investigate, verify or confirm that plaintiff was the actual wanted person, Fort Bragg Military police officials transferred plaintiff to the civilian custody of the Cumberland County Sheriff, Fayetteville, North Carolina, all against plaintiff's will and over her protestations she was being mistakenly arrested.

19.. Upon information and belief, Cumberland County Sheriff's Department officials contacted defendants, and defendants, without investigating, verifying or confirming that plaintiff was the actual wanted person, informed Cumberland County Sheriff Department officials that plaintiff was the wanted subject of the outstanding bench warrant, when in fact

4

plaintiff was not the actual subject of the outstanding bench warrant.

20. The person at the Cumberland County jail who detained the plaintiff for the jurisdiction of New York was Corporal Jimenez.

21 As a direct result of defendants' acts and omissions, plaintiff was taken into custody by Cumberland County Sheriff Department officials, transported to a holding cell and detained in a facility operated by the Cumberland County Sheriff's Department, all against plaintiff's will and over her protestations that she was mistakenly arrested and imprisoned.

22. Plaintiff was held from July 22, 2014 until August 7, 2014 and held in the jail facility of the Cumberland County Sheriff's Department at the request and direction of defendants, all against plaintiff's will and over her protestations that she was mistakenly arrested and incarcerated.

23. At plaintiff's insistence and demand, plaintiff was fingerprinted by defendants in order that defendants compare her fingerprints to those of the actual wanted subject. Although defendants learned that plaintiff was not the actual person who was the subject of the bench warrant, defendants failed to take corrective measures, failed to effect plaintiff's immediate release from incarceration, and caused plaintiff to continue to be unlawfully imprisoned.

24. On or about August 28, 2014, after being incarcerated for 21 days, plaintiff was released from the custody of the New York City Department of Corrections. Plaintiff was released from the Riker's Island Prison facility in New York City without having any money and without defendants' providing her with any travel expenses for her to return to her home in Fayetteville, North Carolina.

25. Although defendants had actual notice that plaintiff was not the person who was

the wanted subject of the bench warrant, defendants failed to take corrective steps to prevent another misidentification of plaintiff as the person who was wanted on the bench warrant.

26  On or about October 9, 2014 days after she was released from unlawful imprisonment in New York City, plaintiff returned to Fort Bragg Army Base to secure the job as a civilian food service employee.

27  On October 9, 2014, plaintiff was again unlawfully detained by the Cumberland County Sheriff's Department on the same year 2000 bench warrant as a direct result of defendants' negligence and failure to take any corrective measures to prevent the misidentification of plaintiff as the subject person of the outstanding bench warrant, all against plaintiff's will and over her protestations.

28.  Ms. Johnson after being released from Rikers Island was left in New York City with no means and no money to return to North Carolina.

29.  Ms. Johnson was released by defendant, Meghan Haas from Manhattan Supreme Court

30.  Upon plaintiff's return to North Carolina she was forced to obtain employment.

31.  Plaintiff was informed by defendants that she was free to leave because of the mistaken identity and the invalid warrant as it related to the plaintiff.

32.  Plaintiff went back to Fort Bragg for her job and Corporal Jimenez rearrested her.

33. Corporal Jimenez rearrested the plaintiff because the same warrant fell again based upon the name of Millicent Johnson

34.  Mike Luongo was the person working as a city employee who was communicating with the Military police in North Carolina.

35   The reissuance of the warrant was done at the direction of Mike Luongo and Meghan Haas and members of the NYPD district attorneys squad in Manhattan

36.. NYPD squad works in the district attorneys office but is employed by the New York City police department.   .The Defendants did not correct the warrant as it related to   the plaintiff.

 37 .The fugitive warrant was immediately reissued on September 1, of 2014without any warning that the plaintiff was not the correct Millicent Johnson

.38.. The correction could have been easily made in two ways by the defendants according to Military Police Officer Jimenez.

 39.  Jimenez stated to the attorney for plaintiff that it is common practice and procedure to include a copy of the wrong prints with the warrant. In that case if the warrant was reissued the plaintiff would not have been incarcerated from 6:00am on October 9, 2014 until the next day.

40.. The plaintiff in addition , has lost a job at Fort Bragg forever which kept her from being homeless and paid all her living expenses

41.. Jimenez also stated that a simple phone call to Fort Bragg would have achieved the same result.

42.  Officer Jimenez called the district attorneys office directly to the defendants and never received a return phone call.

43..Plaintiff alleges that she was unreasonably detained from July 22, 2014 through August 7, 2014.

**COUNT ONE**
**(VIOLATION OF CIVIL RIGHTS)**

7

44. Plaintiffs reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 43 of this complaint.

45. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs as alleged herein, all of which are constitutionally protected rights secured to plaintiff, including, but not limited, the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and Title 42 U.S.C. §§ 1983 and 1988:

    (a) The right not to be deprived of liberty without due process of law;

    (b) The right to be free from invasion or interference with Plaintiff's zone of privacy;

    (c) The right to equal protection of the law;

    (d) The right to be free from unreasonable seizure;

    (e) The right to be free from police use of unreasonable and excessive force, where defendants, among other acts, forcibly putting restraints on plaintiff, placing her on an airplane, and extraditing her from North Carolina to New York;

    (f) The right to be free from False Arrest, False Detention, and False Imprisonment, without due process all in violation of her Fourth, Fifth, Sixth, and Fourteenth Amendment Rights.

46. In violating Plaintiff's rights as delineated above, and other rights according to proof, Defendants' acts and omissions caused the reckless, unreasonable, unprovoked, and excessive use of force, unjustified arrest and detention, false imprisonment, or by ratifying personally the above listed acts and omissions without Plaintiffs having committed any crime or violation, Defendants acted or omitted to act to violate Plaintiffs' rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

47.. Defendants knew or reasonably should have known that they were inflicting these

unlawful acts.

48      Defendants knew that the plaintiff had a right to be free from continued detention stemming from law enforcement officials or suppression of exculpatory evidence such plaintiff's fingerprints which would have obviated her continued incarceration.

49.      The actions of the defendants and lack of actions of the defendant violated the plaintiff's right to be free from continued detention .

50.      Defendants failure to action would violate any citizens' sense of right and wrong when viewing appropriate actions taken by law enforcement and members of the district attorneys' office.

51.      Defendants acts and omissions, as described herein, caused plaintiff to be forcibly extradited from Fayetteville, North Carolina, to New York County, New York State, forcibly placed on an airplane and forcibly removed to New York City, when defendants knew or should have known that plaintiff was not the actual wanted person.

52.      Defendants unreasonably and recklessly failed to take corrective action, to update or correct law enforcement databases, and failed to notify law enforcement agencies, including Fort Bragg Military Police officials and Cumberland County Sheriff Department law enforcement officials, that plaintiff was not the actual wanted person who was the subject of the bench warrant when defendants had actual notice that plaintiff was not the actual wanted person.

.      53.      As a direct and proximate result of defendants' acts as described herein, plaintiff was unlawfully detained and imprisoned from August 7, 2014 up to and including August 28, 2014 in a correctional facility operated by defendant, CITY OF NEW YORK, .

54.      As a direct and proximate result of defendants' acts as described herein, plaintiff

9

was again unlawfully detained and imprisoned by Fort Bragg Military Police officials and Cumberland County Sheriff Department police officials on October 9, until October 10, 2014.

55. As a direct and proximate result of defendants acts and omissions as set forth herein, plaintiff suffered physical, psychological and emotional distress, injuries and damages, humiliation, was permanently deprived of property, loss of liberty and freedom, loss of employment, and incurred expenses to secure her release and travel home, in connection with the deprivation of plaintiff's constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. § 1983, 1985 and 18 U.S.C. § 245.

56. The acts and omissions of defendants as set forth herein were unconscionable, intentional, wanton, malicious, and oppressive, and were of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein. As a matter of policy and law, the court has the authority to consider and make an award to plaintiff for punitive damages.

## COUNT TWO
### (FALSE ARREST AND DETENTION (State Claim))

57. Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 56 of this complaint.

58. Defendants, by failing to investigate, confirm or verify that plaintiff was not the actual wanted person who was the subject of the bench warrant, failed to prevent plaintiff's unlawful arrests, imprisonments, and extradition.

59. Defendants, by failing to maintain and/or update accurate official law enforcement records, data, and information, and failing to correct, update or otherwise notify

other law enforcement agencies, including the Fort Bragg Military Police officials and Cumberland County Sheriff Department officials, caused plaintiff to be misidentified as the actual subject of the outstanding bench warrant, failed to prevent plaintiff's unlawful arrests, imprisonments, and extradition, and being falsely accused.

60. Defendants' detention, seizure and arrest of Plaintiff was without probable cause or a warrant and violated Plaintiff's rights under the New York State Constitution.

61.. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts herein alleged.

62. As a direct and proximate result of the acts complained of herein, Plaintiff has suffered general and special damages as set forth in this complaint.

## COUNT THREE

Violation of Civil Rights - Title 42 U.S.C. Section 1983-Failure to train

63.. Plaintiff, MILLICENT JOHNSON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through and including "62" hereinabove with the same force and effect as if set forth more fully at length herein.

64. Defendants, recklessly and with callous disregard for the rights of individuals such as plaintiff, failed to train, supervise, and discipline Police Officers including the individually named defendants, allowed the defendants to disregard the rights of individuals and implemented a policy with regard to individuals such as plaintiff, to deprive those individuals of their rights including, but not limited to, failing by failing to verify, confirm or investigate that plaintiff was not the actual wanted subject of the outstanding bench warrant, and/or failing to

enter, update, and/or maintain the information in law enforcement databases to prevent the misidentification of individuals such as plaintiff, and/or failing to correct, update or otherwise notify other law enforcement agencies, including the Fort Bragg Military Police officials and Cumberland County Sheriff Department officials, that plaintiff was not the actual wanted subject of the bench warrant, caused and failed to prevent plaintiff's unlawful arrest, prolonged detention and imprisonment, forced extradition of plaintiff, and being falsely accused.

65. In committing the acts and omissions complained of herein and in their official and individual capacity, Defendants' acted with a design and intention to deprive Plaintiff of her rights secured by the Constitution of the United States, and its associated laws and statutes, including 42 U.S.C. § 1985 (3), 42 U.S.C. § 1983, and acted with deliberate indifference to Plaintiff's rights.

66 As a direct and proximate result of the acts and omissions complained of herein, Plaintiff has suffered general and special damages (as set forth in this complaint) including, but not limited to, physical, psychological and emotional distress loss of employment, impairment of her earning power, injury to her reputation and character, and incurring expenses to return to her home.

67. The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein. As a matter of policy and law, the court has the authority to consider and make an award to plaintiff for punitive damages.

## COUNT FOUR

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

68. Plaintiff reallege and incorporate herein by reference the allegations set forth in Paragraphs 1 through 67 of this complaint.

69 Defendants' acts and omissions as described herein, were done intentionally, wantonly, willfully, maliciously, wrongfully, and with such extreme and outrageous character as to cause emotional distress and trauma to Plaintiffs, and Plaintiffs did suffer such emotional distress with accompanying physical symptoms.

70. As a direct result of defendants' acts and omissions, plaintiff was unreasonably detained between July 22, 2014 and August 7, 2014. Then from August 7, 2014 until August 28, 2014. Plaintiff was again mistakenly detained from October 9, until October 10, 2014.

71. The conduct of Defendants was willful, malicious, oppressive, extreme and outrageous, and reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT FIVE

72. Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 71 of this complaint.

73. Defendants, and each of them, owed Plaintiff a duty to use due care at or about the times of the aforementioned incidents.

74. .Plaintiff had an absolute right to be free from a continued detention due to the mishandling of her arrest process concerning the mistaken fugitive warrant

.75.. After the plaintiff was reprinted in Supreme Court it was established she was not the person wanted by the warrant.

13

76. Mike Luongo and other defendants had a duty to correct the warrant as it related to the plaintiff.

77.1. As a direct result of defendants negligence the plaintiff was again excessively detained.

## COUNT SIX

78. Plaintiff, MILLICENT JOHNSON, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through and including "77" hereinabove with the same force and effect as if set forth more fully at length herein.

79. As a direct of defendants' deprivation of plaintiff's constitutional rights as described above, plaintiff was detained in North Carolina and imprisoned until August 7, 2014 when she was extradited to New York State and brought before a Judge of the New York State Supreme Court, New York County, where, based on defendants' baseless representations to the Court that plaintiff was the actual wanted person who was the subject of the bench warrant, plaintiff was maliciously and falsely accused by indictment that plaintiff in the year 2000 engaged in identity theft and other crimes, and prosecuted plaintiff on that indictment for those crimes.

80. As a direct and proximate result of defendants' reckless and callous disregard of plaintiff's Federal and State constitutional rights, and acts and omissions, as set forth herein, plaintiff suffered physical, psychological and emotional distress, injuries and damages including loss of employment, impairment of her earning power, loss of employment, injury to her reputation and character, and incurring expenses to return to her home.

## COUNT SEVEN

81. Plaintiff repeats and realleges paragraphs "1" through "80" with the same force and effect as if they were fully set forth herein.

82. Defendants, acting in concert and within the scope of their authority, willfully, unlawfully, maliciously, and improperly used the court's process primarily for an ulterior or improper purpose, namely, to detain, extradite, and incarcerate plaintiff for being a wanted person who was the subject of an outstanding bench warrant when that claim was baseless, to charge plaintiff for crimes of which she was innocent, and to cause plaintiff to be prosecuted for a collateral objective outside the legitimate ends of the legal process, namely, to cover up their abuse of authority in arresting, extraditing, and incarcerating plaintiff in violation of plaintiff's right to be free from unreasonable seizure of person and property, under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

83.. As a direct and proximate result of defendants' reckless and callous disregard of plaintiff's Federal and State constitutional rights, and acts and omissions, as set forth herein, plaintiff suffered physical, psychological and emotional distress, injuries and damages including loss of employment, impairment of her earning power, loss of employment, injury to her reputation and character, and incurring expenses to return to her home.

84. The acts and omissions of defendants as set forth herein were unconscionable, intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages. As a matter of policy and law, the court has the authority to consider and make an award to plaintiff for punitive damages.

## COUNT EIGHT

85. Plaintiff, MILLICENT JOHNSON repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through and including "84" hereinabove with the same force and effect as if set forth more fully at length herein.

86. Defendants herein breached a duty owed to plaintiff by committing and by allowing to be committed the acts and conduct complained of herein.

87. As a direct and proximate result of defendants' reckless and callous disregard of plaintiff's Federal and State constitutional rights, and acts and omissions, as set forth herein, plaintiff suffered physical, psychological and emotional distress, injuries and damages including loss of employment, impairment of her earning power, loss of employment, injury to her reputation and character, and incurring expenses to return to her home.

88. The acts and omissions of defendants as set forth herein were unconscionable, intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages. As a matter of policy and law, the court has the authority to consider and make an award to plaintiff for punitive damages.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally, as follows:

1. For general damages including pain and suffering together with special damages for Plaintiffs' reasonable and necessary legal expenses, and loss of earnings and employment, the exact amount of which will be established at the time of trial;

2. or punitive damages in an amount to be proven at trial pursuant to Federal and State law;

3. For actual attorney's fees and litigation costs pursuant to 42 U.S.C. § 1988

4. For statutory attorney's fees and costs;

5. For court supervised training and regulations requiring that the involved agencies and officers properly train their officers on procedures for investigating, verifying, and/or confirming that an apprehended individual is the actual wanted subject of an outstanding bench warrant before proceeding with detention, arrest, imprisonment and/or extradition of such person, and for entering, updating, and/or maintaining the accuracy of information in law enforcement databases so as to, among things, prevent the misidentification of individuals such as plaintiff, and institute proper investigative, and disciplinary procedures; and

6. For such other and further relief as the Court deems just and proper.

Dated: June 22, 2017
New York, New York

Respectfully submitted,

*/s/ Susan Calvello*
Susan Calvello
Attorney for Plaintiff
30 Wall Street, 8th Floor
New York, NY 10005
(212) 393-9441
scavllo@mindspring.com